HARVEY E. SLEEPER & another, administrators with the
will annexed, vs. MASSACHUSETTS BONDING AND
INSURANCE COMPANY.

Suffolk.   May 17, 1933. — June 29, 1933.

Present: PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Insurance*, Motor vehicle liability.   *Passenger.*

A provision of extraterritorial coverage included in a policy of compul-
sory motor vehicle liability insurance, that the extraterritorial cover-
age should not cover the automobile in question "when" "used for
renting or livery use or the carrying of passengers for a considera-
tion," was applicable on a single occasion when the automobile was
being used for the carrying of passengers for a consideration; there
was no merit in a contention that such provision related only to the
transportation of passengers by a common carrier or to the transpor-
tation of passengers habitually or as a business.
Such provision was applicable whenever the automobile should be used,
in a place other than "the ways of the commonwealth," under a
contract, based on valuable consideration, having as its main purpose
the carrying of passengers in the automobile, irrespective of the com-
mercial adequacy or inadequacy of the consideration or want of
profit to the owner or operator; and such provision was applicable
while the automobile was being used in another State under a contract
whereby the insured was to drive two persons therein to a certain
place and back upon payment of enough to compensate him for his
gasoline, oil and meals, he having no personal pleasure nor interest
in the journey.
The policy above mentioned also contained a clause that if any of the
provisions as to the extraterritorial coverage should be "at variance
with any specific statutory provisions of any State . . . within which
coverage is granted, such specific statutory provisions shall supersede
any such . . . [provision] of this policy inconsistent therewith."
The use of the automobile above described was in the State of New
Hampshire. *Held*, that N. H. St. 1927, c. 54, was not a "specific
statutory provision" which was inconsistent with, or superseded or
annulled, the provision of the policy relating to the use of the auto-
mobile for the carrying of passengers for a consideration.   Following
*Sheldon* v. *Bennett*, 282 Mass. 240.

BILL IN EQUITY, filed in the Superior Court on Decem-
ber 18, 1931, under G. L. c. 214, § 3 (10), in the amended
form appearing in St. 1930, c. 340, § 4, to reach and apply,

to the satisfaction of a judgment in favor of the plaintiffs against Henry D. Stetson, the obligation of the defendant under a policy of motor vehicle liability insurance described in the opinion.

The suit was heard by *Qua*, J., a stenographer having been appointed under statutory provisions. Material findings by the judge are stated in the opinion. By his order, a decree dismissing the bill was entered. The plaintiffs appealed.

*C. W. Lavers*, for the plaintiffs.

*R. Gallagher*, (*N. F. Fermoyle* with him,) for the defendant.

LUMMUS, J. The plaintiffs, administrators with the will annexed of the estate of George T. Sleeper, late of Winthrop, obtained judgment in this Commonwealth against one Henry D. Stetson for negligence in his operation in New Hampshire of his automobile on March 30, 1930, which resulted in personal injury to said Sleeper and his subsequent death. The defendant insurance company insured said Stetson under the Massachusetts compulsory motor vehicle liability insurance act, and for an additional premium gave him also "extraterritorial coverage" insuring him against liability incurred in other territory including New Hampshire. The liability in this case was not covered by the Massachusetts compulsory policy, for it did not arise out of the operation of the automobile upon "the ways of the commonwealth." G. L. (Ter. Ed.) c. 90, § 34A. The question is whether it was covered by the "extraterritorial coverage." No Massachusetts statute requires any insurance, or prescribes any form of policy, indemnifying the owner or operator of a motor vehicle against liability resulting from its operation elsewhere than upon "the ways of the commonwealth." As to the "extraterritorial coverage" the rights of the plaintiffs against the defendant insurance company cannot rise higher than those of Stetson, and if Stetson is not entitled to indemnity from the defendant insurance company there is nothing for the plaintiffs to reach by this bill in equity under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10). *Souza*

v. *Car & General Assurance Corp. Ltd.* 281 Mass. 117, and cases cited. *Sheldon* v. *Bennett,* 282 Mass. 240. For convenience we cite the Tercentenary Edition of the General Laws in this opinion, instead of the constituent statutes in force on March 30, 1930, for no amendment after that date made any material change.

The extraterritorial coverage, by the terms of the policy relative to "Exclusions," does not cover "when" the motor vehicle described in the policy is "being (1) operated by any person contrary to law as to age, or any person under the age of sixteen (16) years in any event; or (2) used in any race or speed contest; or (3) used in towing or propelling any trailer, or other vehicle used as a trailer, unless such privilege is endorsed on this policy and a proper premium charged therefor, or such trailer is also insured by the Company; or (4) used for renting or livery use or the carrying of passengers for a consideration." The trial judge found that the liability was incurred while Sleeper, the deceased, and one Ryerson were being driven in New Hampshire by Stetson under an agreement that Stetson should carry them from Boston to Meredith, New Hampshire, and return, upon payment of "enough to pay for his gas, oil and meals." Stetson had no personal pleasure or interest in the journey, but was willing to go upon those terms. He received $8, besides his meals.

The plaintiff contends that the provision of the policy that the extraterritorial coverage shall not apply "when" the motor vehicle is "being . . . used for . . . the carrying of passengers for a consideration" relates only to transportation of passengers by a common carrier, or at most to transportation of passengers habitually or as a business. We cannot accede to this contention. Grammatically, there is no more reason for reading in the word habitually, or some similar word, before the word "used" in this clause, than for reading in a similar word before the word "operated" or "used" in the other clauses already quoted. A single instance of carrying of passengers for a consideration, while it continues, increases the risk to the insurance company, for by the law of a number of States in which

by judicial decision or statute the case of *Massaletti* v. *Fitzroy*, 228 Mass. 487, has been followed, or some other rule of liability unfavorable to guests has been adopted (*Silver* v. *Silver*, 280 U. S. 117; notes, 65 Am. L. R. 952, 61 Am. L. R. 1252), the operator of a motor vehicle assumes a greater duty to a paying passenger than to a nonpaying guest. The weight of authority likewise bears against the plaintiff. In *Elder* v. *Federal Ins. Co.* 213 Mass. 389, a policy of fire insurance provided that the assured warranted that the insured automobile "shall not be used for carrying passengers for compensation . . . and in the event of violation of this warranty this policy shall immediately become null and void." It was held that the act of the assured in permitting his son to make two trips in the summer, carrying passengers for compensation, precluded recovery for a loss by fire occurring in the following spring. See also *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204, 208; *Bloom* v. *Ohio Farmers Ins. Co.* 255 Mass. 528. In *Souza* v. *Car & General Assurance Corp. Ltd.* 281 Mass. 117, the plaintiff neither argued nor filed a brief, and the facts are not fully stated in the opinion; but in fact in that case, and in the very similar case of *Raymond* v. *Great American Indemnity Co.* 86 N. H. 93, arising under a policy much like that in the case at bar, a use òf an automobile for the carrying of passengers for a consideration on a number of occasions, falling short, however, of a regular business, was held to bar indemnity for a liability incurred while the automobile was being so used.

We think that whenever there is a contract, based on valuable consideration, having as its main purpose the carrying of passengers, the insurer under the form of policy in this case does not undertake to indemnify the owner or operator against liability for an occurrence during the journey covered by the contract. See *Mittet* v. *Home Ins. Co.* 49 S. D. 319; *Chooljian* v. *Nahigian*, 273 Mass. 396. See also *Jacobson* v. *Stone*, 277 Mass. 323. We are unable to follow expressions in *Marks* v. *Home Fire & Marine Ins. Co. of California*, 285 Fed. Rep. 959, tending to the contrary. See also *O'Donnell* v. *New Amsterdam Casualty Co.* 50 R. I.

269; *Firemen's Ins. Co. of Newark* v. *Rye,* 160 Ark. 212. The commercial adequacy or inadequacy of the consideration, or the want of profit to the owner or operator, is immaterial under the terms of the policy. In *Askowith* v. *Massell,* 260 Mass. 202, the division of the expense of operating an automobile among the members of a fishing party was held noncontractual, and consequently the passengers were within the class of guests. There is nothing in the opinion in that case inconsistent with what is here decided.

One further point remains. The provision for "extra-territorial coverage," described in the policy as Section B thereof, contains this paragraph: "6. SPECIAL STATUTES. If any of the Agreements, Conditions or Declarations of Section B are at variance with any specific statutory provisions of any State, Territory, District or Province within which coverage is granted, such specific statutory provisions shall supersede any such Agreement, Condition or Declaration of this policy inconsistent therewith." The plaintiffs cite N. H. St. 1927, c. 54, which requires a defendant in an action at law to recover damages resulting from the operation of a motor vehicle, after a preliminary inquiry and order by the court, and under penalty of a prohibition of further operation of any motor vehicle within the State, to furnish security for satisfaction of the possible future judgment, which may be by obtaining a policy of liability insurance which in certain essential features resembles the Massachusetts compulsory motor vehicle liability policy, because it covers "the insured and any person responsible for the operation of the insured's motor vehicle or trailer with his express or implied consent, against loss by reason of the liability to pay damages to others for . . . bodily injuries . . . arising out of the ownership, operation, maintenance, control or use . . . of such motor vehicle or trailer," provides that "No statement made by the insured or on his behalf, and no violation of the terms of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limit provided in the policy," and provides that a person obtaining judgment for loss or damage covered by the policy may have the insurance

money applied to the satisfaction of the judgment. N. H. St. 1927, c. 54, §§ 1, 6. G. L. (Ter. Ed.) c. 90, § 34A; c. 175, §§ 113A (5), 112, 113. *Kana* v. *Fishman*, 276 Mass. 206, 211. *Caron* v. *American Motorists Ins. Co.* 277 Mass. 156. *Goldberg* v. *Preferred Accident Ins. Co. of New York*, 279 Mass. 393, 396. *Rose* v. *Franklin Surety Co.* 281 Mass. 538. A policy under the New Hampshire statute, like a policy under the Massachusetts compulsory motor vehicle liability insurance act, apparently may not contain any "exclusion" to the effect that the policy shall not cover when the motor vehicle is being used for the carrying of passengers for a consideration.

The plaintiffs contend that the New Hampshire statute constitutes a "specific statutory provision" inconsistent with the "exclusion" in question, and supersedes and annuls it under the clause quoted from the policy. This contention is foreclosed by *Sheldon* v. *Bennett*, 282 Mass. 240. The policy in that case was like that in the present case, and the same statute of New Hampshire was involved. It was held that "the provisions of the New Hampshire statute are not to be construed as establishing the policy of that State that no motor vehicle liability policy shall exist except such as is provided by" that statute, but that its provisions "are applicable only to required or compulsory policies issued in that State." We see nothing to disturb that decision in the New Hampshire cases cited by the plaintiffs. *Aetna Casualty & Surety Co.* v. *Sullivan*, 83 N. H. 426. *Raymond* v. *Great American Indemnity Co.* 86 N. H. 93. *Sauriolle* v. *O'Gorman*, 86 N. H. 39.

*Decree affirmed with costs.*