After plaintiff recovered a judgment against the principal defendant for injuries resulting from an automobile accident, he sued out a writ of garnishment against the garnishee insurance company, the appellant herein, who had insured the principal defendant. The garnishee defendant denied liability because of the clause in the policy stating:
"The company shall not be liable while any automobile herein covered is used, operated, manipulated or maintained * * * (c) while being used for the transportation of passengers for a consideration, actual or implied."
Testimony taken in the principal case, which by stipulation is also to be considered in determining the statutory garnishment issue, shows only a single instance when a passenger was transported for a consideration. A single passenger paid for the gasoline and oil on the trip on which the accident occurred. The trial court held that this was not sufficient to exculpate the insurer from liability. The trial court was correct.
The transportation of a passenger in consideration of his paying for the oil and gas is not at all an uncommon practice, and this cannot be deemed carrying passengers for hire under the clause in the insurance policy. Policies are most strongly construed against the insurer. It has been held that a single act of transporting a passenger for a consideration is not within a clause prohibiting the use of the automobile "for passenger service of any kind for hire," Crowell v. MarylandMotor Car Ins. Co., 169 N.C. 35 (85 S.E. 37, Ann. Cas. 1917 D, 50); "for carrying passengers for compensation," CommercialUnion Assurance Co. of London v. Hill (Tex.Civ.App.),167 S.W. 1095; "for carrying passengers for consideration," UnitedStates Fidelity *Page 82 Guaranty Co. v. Hearn, 233 Ala. 31 (170 So. 59). InPietrantonio v. Travelers Ins. Co. of Hartford, Conn.,282 Mich. 111, notwithstanding a clause excluding liability in case the automobile is used in the business of demonstrating, we held that a demonstration by the owner to a prospective purchaser did not relieve the insurer from liability. While the facts differ from those in the instant case, the principle is the same. Under the wording of this policy, the carrying of a passenger in return for his paying for gasoline and oil does not exempt the insurer from liability on account of an accident on such trip.
Judgment for plaintiff against the garnishee-defendant is affirmed, with costs to plaintiff.
WIEST, C.J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.