## WOOD *v.* MERCHANTS INSURANCE CO.

1. INFANTS—AUTOMOBILE COLLISION INSURANCE—ATTAINMENT OF MAJORITY.

   An insured is not precluded from recovery under an automobile collision and upset policy because he brought action on the policy while yet a minor as the contract was not void and, even if recovery had to await his coming of age, he was 21 years of age at time of trial and sought judgment under the contract.

2. INSURANCE—AUTOMOBILE COLLISION—TRANSPORTATION OF PERSONS WHO VOLUNTARILY CONTRIBUTE TOWARD EXPENSES.

   Schoolboy who used automobile to meet his own needs in going seven miles to school and, as a mere incident thereof and as an accommodation, carried fellow students who voluntarily contributed toward expenses and upkeep was not using car "as a public or livery conveyance for carrying passengers for compensation" within automobile collision and upset insurance policy so as to bar recovery by insured.

3. SAME—AUTOMOBILES—CERTIFICATE OF TITLE NOT CONCLUSIVE AS TO OWNERSHIP—EVIDENCE.

   In action under automobile collision and upset policy providing that interest of the insured must be sole and unconditional, certificate of title bearing name of insured, then a minor, and his grandfather was not conclusive evidence on the issue of ownership and where evidence shows that car which was new

was paid for entirely by insured's funds and that grandfather had no interest therein, court was not in error in holding for plaintiff upon issue of ownership (1 Comp. Laws 1929, § 4633 and § 4660, as amended by Act No. 65, Pub. Acts 1931, and Act No. 160, Pub. Acts 1935).

Appeal from Bay; McCormick (James L.), J. Submitted October 5, 1939. (Docket No. 61, Calendar No. 40,639.) Decided December 20, 1939.

Assumpsit by Ezra J. Wood, guardian of Archie Wood, Jr., a minor, against Merchants Insurance Company of Providence, a foreign corporation, for sums due under the terms of an insurance policy for damage to plaintiff's automobile. Judgment for plaintiff. Defendant appeals. Affirmed.

*Albert W. Black* and *B. J. Tally,* for plaintiff.

*H. Monroe Stanton,* for defendant.

WIEST, J. Defendant company insured plaintiff against loss occasioned by damage to his automobile in accidental collision or upset, but not while "used as a public or livery conveyance for carrying passengers for compensation."

In October, 1937, and for some time before that, plaintiff, who was a minor, attended school at Bay City and used his automobile in going to and from school, a distance of about seven miles. October 4, 1937, while so driving, there was a collision, causing damage to his automobile. It had been plaintiff's practice to carry other students, each of whom voluntarily paid him 75 cents per week when so carried and, at the time of the collision, there were six other students in the auto with him.

On this account after the collision defendant declared the policy cancelled, sent plaintiff the premium paid and he returned it and, by his guardian, brought this action on the policy in November, 1937.

Trial was commenced before a jury in July, 1938. At the close of plaintiff's proofs defendant moved for a directed verdict and, upon denial, offered no proof. Thereupon plaintiff moved for a directed verdict in his favor which was also denied and, there being no disputed issue of fact, the court discharged the jury, took the case under advisement and rendered a judgment of $650 for plaintiff, that being the conceded damage to his automobile.

Defendant appeals and contends that a minor cannot affirm a contract of insurance by bringing action on it before attaining the age of 21 years. A short answer to that is the fact that the contract was not void, and, even if recovery had to await plaintiff's coming of age, he was 21 years of age at the time of the trial and sought judgment under the contract.

We are not to be understood as entertaining the opinion that there is any merit in the point urged. See *Monaghan* v. *Agricultural Fire Ins. Co.,* 53 Mich. 238.

Counsel for defendant also claims that, under the mentioned circumstances, the automobile, at the time of the collision, was in use "as a public or livery conveyance for carrying passengers for compensation," and, therefore, not within the insurance coverage.

This school boy was not using his automobile as a public or livery conveyance for hire but to meet his own needs and, as a mere incident thereof and as an accommodation to his fellow students, carried them with him and they, in appreciation of his kindness, voluntarily contributed toward the expense and upkeep of the convenience.

The policy contained the following:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto if the interest of the assured in the subject of this

insurance be or become other than unconditional and sole lawful ownership."

At the time the policy was issued and at the time of the collision, title to the car was registered in the office of the secretary of State in the names of Archie Wood and E. J. Wood, and certificate of title had issued to such effect, and defendant contends that such record, by virtue of statute (1 Comp. Laws 1929, § 4633 [Stat. Ann. § 9.1432]; 1 Comp. Laws 1929, § 4660, as amended by Act No. 65, Pub. Acts 1931, and Act No.-160, Pub. Acts 1935 [Comp. Laws Supp. 1935, § 4660, Stat. Ann. § 9.1474]), is conclusive on the question of ownership and bars all other evidence on the subject.

It is manifest that a mistake was made in the registration growing out of the fact that E. J. Wood named therein is the grandfather and guardian of Archie Wood and obviously attended to the purchase of the automobile and registration. The evidence at the trial established beyond question that the automobile was purchased wholly with money belonging to Archie Wood, and E. J. Wood had no interest therein.

The automobile was new and was purchased direct from a dealer and was not, therefore, an automobile with former registration and outstanding certificate of title and, for that reason, we are not concerned with statutory provisions regulating transfer of recorded title.

Counsel for defendant, in support of the claimed conclusive evidence of ownership afforded by the certificate of title, cites *Ohio Farmers' Ins. Co.* v. *Todino*, 111 Ohio St. 274 (145 N. E. 25, 38 A. L. R. 1118). That case would be of interest were it not for the fact that it was expressly overruled in *Commercial Credit Co.* v. *Schreyer*, 120 Ohio St. 568 (166 N. E. 808, 63 A. L. R. 674).

In *Hirsch* v. *City of New York Ins. Co.,* 218 Mo. App. 673 (267 S. W. 51), an automobile owned by the husband was registered by the wife and certificate of title issued in her name. It is stated in the opinion:

"The question then is whether the taking out of the certificate of title by plaintiff's wife without his consent and unknown to him conclusively shows that he was not the owner of the property."

The court, after quoting the statute of Missouri, said:

"The act merely provides for an *ex parte* investigation to be made by the commissioner such as to satisfy him that the facts stated in the application are true, and the applicant is the lawful owner of the automobile. Thereupon he issues a certificate of title. Of course, any such certificate so issued could not be conclusive upon the real owner of the automobile. This case is no different in principle than if a stranger had procured a certificate of title to this automobile when the automobile in fact belonged to plaintiff. Under such circumstances, of course, no reasonable person would say that the real ownership was in the stranger, although the issuance of such a certificate is no doubt some evidence of title."

See, also, *Meskiman* v. *Adams,* 83 Ind. App. 447 (149 N. E. 93).

In the instance at bar the certificate of title was not conclusive evidence on the issue of ownership of the automobile, and the court was not in error in so holding and deciding the issue of ownership upon the evidence.

The judgment is affirmed, with costs to plaintiffs.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.