JOSEPH F. PIMPER, APPELLEE, v. NATIONAL AMERICAN FIRE INSURANCE COMPANY, APPELLANT.
296 N. W. 465

FILED FEBRUARY 21, 1941.   No. 30904.

110

*Ziegler, Dunn & Becker* and *D. L. Manoli,* for appellant.

*Gross & Crawford* and *Harry L. Welch, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and MESSMORE, JJ., and HASTINGS and KROGER, District Judges.

HASTINGS, District Judge.

The appellee, Joseph F. Pimper, doing business as the Howells Motor Company, at Howells, Nebraska, recovered a judgment for $215 against appellant, National American Fire Insurance Company, on an insurance policy issued by that company, wherein appellee was indemnified to the full extent of loss or damage, less $50, to a 1936 Willys sedan automobile, owned by the appellee, by reason of collision or upset.

After appellee had rested his case appellant moved for a directed verdict, thereupon appellee moved for a verdict in his favor. The jury were dismissed and judgment rendered in favor of appellee, as aforesaid.

The policy provides that it does not cover loss or damage to the insured automobile by reason of collision or upset "While the automobile is used as a public or livery conveyance for carrying passengers for compensation."

Counsel for appellant contend that it is shown by the evidence that the damage to appellee's automobile by an

upset was sustained while he was using his automobile "as a public or livery conveyance for carrying passengers for compensation," and that appellant was not liable for the damages sustained.

The evidence discloses that appellee had made arrangements to go to Milwaukee in his automobile on a pleasure trip to visit a cousin for two days and return to Howells. He planned to make the trip alone. A few days previous to the time set for his departure one Leonard Stecher, an old acquaintance and fellow townsman of appellee, heard of his contemplated trip and asked appellee if he and his wife and two relatives of his wife, with whom appellee was acquainted and who lived in the same town, could go along, as they wanted to visit their daughters, who were in a convent in Milwaukee. Stecher proposed if they were taken by appellee they would pay the expenses of the trip. Appellee told him that they could go with him, and that the expenses would be shared by each paying one-fifth of the amount. The expenses were to cover the costs of oil, gas and wear and tear on the tires. To avoid keeping account of the amount of the expenses of the trip to Milwaukee and return they computed the distance from Howells to Milwaukee and return at approximately 1,200 miles, and that the total expense of oil, gas, wear and tear on the tires would amount to at least 5 cents a mile. On this basis they agreed that the total expenses of the trip at 5 cents a mile would amount to $62.50. Under this arrangement they left Howells on June 12, 1936, and when near New Hampton, Iowa, a distance of about 300 miles from Howells, the car upset and was damaged so it could not be used to continue the trip. The car was put in a garage in Mason City, Iowa, for repairs, and appellee discontinued his trip and returned to Howells by train. The Stechers and their relatives went on to Milwaukee and returned to New Hampton at their own expense. Appellee told Stecher, before they left New Hampton for Milwaukee, that he would go home and get another car and come and get them at New Hampton on the following Monday. This he did and returned them to

Howells. He did this as a matter of accommodation, charged them nothing, but the Stechers and their relatives voluntarily paid a part of the expense thereof. Stecher had previously paid him $12.50 before the accident, and this, with the expense of the return trip from New Hampton, amounted to about $20.

Counsel for appellant to sustain their contention cite and rely upon the following cases: *Beer v. Beer,* 52 Ohio App. 276, 3 N. E. (2d) 702; *Jensen v. Canadian Indemnity Co.,* 98 Fed. (2d) 469; *Johnson v. Mack,* 263 Mich. 10, 248 N. W. 534; *Kerstetter v. Elfman,* 327 Pa. St. 17, 192 Atl. 663; *Myers v. Ocean Accident & Guarantee Corporation,* 99 Fed. (2d) 485; *Ocean Accident & Guarantee Corporation v. Olson,* 87 Fed. (2d) 465; *Park v. National Casualty Co.,* 222 Ia. 861, 270 N. W. 23; *Reed v. Bloom,* 15 Fed. Supp. 600; *Sleeper v. Massachusetts Bonding & Ins. Co.,* 283 Mass. 511, 186 N. E. 778.

We have carefully examined the cited cases. In these cases the exclusionary clauses involved provided that the insurer was not to be liable for loss or damage while the insured automobile was used either for carrying passengers or persons for hire, a consideration, or for compensation. The argument of counsel for appellant for a reversal is based upon the assumption that the exclusion clause in the policy under consideration has the same meaning as the exclusionary clauses in the policies considered in the cited cases. Upon that assumption it is argued that, upon the facts in this case, the Stechers and their relatives, at the time of the damage to the insured automobile, were being transported therein as passengers for compensation.

It is the general rule that each case must be determined upon the wording of the exclusionary clause in the policy and the special facts therein. Where there is any ambiguity in the provisions of an insurance policy, it is to be most favorably construed in favor of the insured and not the insurer, because the latter is the one who proposed and formulates the contract of insurance and dictates its terms. The exclusionary clauses considered in the cited cases

are broader than that used in the policy in this case. Under such clauses, if the insured automobile is being used as a conveyance for carrying passengers either for hire, a consideration, or compensation, and loss or damage occurs, the insurer is relieved from liability, while the clause under consideration only relieves the insurer from liability for loss or damage sustained while passengers are being conveyed for compensation in a "public or livery conveyance."

"The term 'public conveyance' means a vehicle used indiscriminately in conveying the public, and not limited to certain persons and particular occasions or governed by special terms. The words 'public conveyance' imply the holding out of the vehicle to the general public for carrying passengers for hire. The words 'livery conveyance' have about the same meaning." *Elliott v. Behner,* 96 Pac. (2d) 852 (150 Kan. 876).

There is no evidence that the insured automobile was kept, used or held out for use to the public as a vehicle for carrying passengers for hire. In construing a like provision in a policy it was held in *Wood v. Merchants Ins. Co.,* 289 N. W. 259 (291 Mich. 573):

"Where insured schoolboy used his automobile to meet his own needs and as a mere incident thereof and as an accommodation transported fellow students to school, and students voluntarily paid insured 75 cents per week when transported by him, insured was not using automobile as a 'public or livery conveyance for carrying passengers for compensation' within collision policy, and hence insured was not barred from recovering on policy."

The evidence in this case shows that appellee was using his automobile at the time it was damaged for his own purposes and not as a "public or livery conveyance for carrying passengers for compensation." He would have taken the trip had the Stechers and their relatives not gone with him. The Stechers and their relatives were friends and acquaintances. It was at the solicitation of Stecher, who voluntarily offered to pay all the expenses of the journey, that appellee consented that they might go with him, under

an arrangement of a proportionate sharing of the expense. The Stechers and their relatives were to pay nothing for their transportation over and above their share of the expenses.

Under the evidence the insured automobile was not a "public or livery conveyance" within the meaning of those terms, and being used as such at the time it was damaged.

From the conclusion reached it is not necessary to decide whether the Stechers and their relatives were passengers being carried for compensation.

The judgment of the trial court is affirmed.

AFFIRMED.