ALLOR v. DUBAY.

1. GARNISHMENT—RECOVERY BY PLAINTIFF.
    Plaintiff in a garnishment proceeding may not recover against
    the garnishee defendant unless the principal defendant may
    do so.

2. INSURANCE—CONSTRUCTION OF CONTRACT—AMBIGUITY.
    An insurance contract, prepared by the insurer, must be con-
    strued against it, if ambiguous in its terms.

3. AUTOMOBILES—SHARE-THE-RIDE   ARRANGEMENT—PAYMENT    FOR
   TRANSPORTATION—PUBLIC OR LIVERY CONVEYANCE.
    Automobile, used pursuant to a "share-the-ride" arrangement
    under which plaintiff paid principal defendant $2.50 per week
    for transportation to and from work, was not a public or
    livery conveyance as such terms are used in garnishee's auto-
    mobile liability policy.

4. SAME—PUBLIC OR LIVERY CONVEYANCE.
    The term "public or livery conveyance" means a vehicle used
    indiscriminately in conveying the public, and not limited to
    certain persons and particular occasions or governed by special
    terms, and implies the holding out of the vehicle to the gen-
    eral public for carrying for hire.

Appeal from Macomb; Noe (Alton H.), J. Sub-
mitted January 9, 1947. (Docket No. 59, Calendar
No. 43,606.) Decided April 8, 1947.

Garnishment by Dorthy Allor, by her next friend,
against Bernard Dubay and wife, principal defend-
ants, and Keystone Mutual Casualty Company of
Pittsburgh, garnishee defendant. Judgment for
plaintiff. Defendant appeals. Affirmed.

Bert V. Nunneley (Nunneley & Nunneley, of coun-
sel), for plaintiff.

*Vandeveer & Haggerty* (*Fred L. Vandeveer,* of counsel), for garnishee defendant.

BUSHNELL, J.   Plaintiff Dorothy Allor was injured while riding in an automobile driven by Marguerite Dubay and owned by Bernard Dubay.   She obtained a default judgment against the Dubays in the sum of $4,500.   Plaintiff's judgment being unsatisfied, on October 15, 1945, she obtained a writ of garnishment against defendant Keystone Mutual Casualty Company, which filed a disclosure.   Plaintiff filed a demand for the trial of the statutory issue.   A judgment was entered in the circuit court against the garnishee defendant, from which it has appealed.

Under the terms of Dubay's policy, liability was excluded "while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy and premium charged therefor."   The Keystone Casualty Company contends that it is not liable for damages to plaintiff Allor, because the Dubay automobile was being used at the time of the accident as a livery conveyance.

When Dorothy Allor was injured she was riding home from work with other employees of the Hudson Motor Car Company, pursuant to a "share-the-ride" arrangement, under which she paid Marguerite Dubay $2.50 per week for transportation.

The plaintiff in this garnishment proceeding cannot prevail unless at the time the writ of garnishment was served upon the insurance company, Bernard Dubay could have successfully prosecuted a suit on his policy.   *Musser* v. *Ricks,* 271 Mich. 174.

The insurance contract, obviously prepared by the insurer, must be construed against it, if ambigu-

ous in its terms. *D. F. Broderick, Inc., v. Continental Credit Corp.,* 309 Mich. 546, 555.

The garnishee defendant concedes that the Dubay automobile was not being used as a "public conveyance," but insists that at the time of the accident it was being used as a "livery conveyance." In support of this contention a number of authorities are cited in which the various insurance policies contained comparable language but, in addition, included the phrase, "carrying of passengers for a consideration." See *Cartos v. Hartford Accident & Indemnity Co.,* 160 Va. 505 (169 S. E. 594); *Maryland Casualty Co. v. Martin,* 88 N. H. 346 (189 Atl. 162); *Wood v. American Automobile Ins. Co.,* 109 Kan. 801 (202 Pac. 82); *Sleeper v. Massachusetts Bonding & Insurance Co.,* 283 Mass. 511 (186 N. E. 778). See, also, authorities annotated in 95 A. L. R. p. 150; 118 A. L. R. p. 393; 147 A. L. R. p. 632.

In *Wood v. Merchants Ins. Co.,* 291 Mich. 573, and *Brown v. Wood,* 293 Mich. 148 (127 A. L. R. 1436), this Court discussed questions comparable to those presented by the instant case. Wood was insured under a policy which did not cover him for loss or damages sustained while his automobile was "used as a public or livery conveyance for carrying passengers for compensation." His son, a minor, used the car in going to and from school at Bay City, a distance of about 7 miles from his home. It was the son's practice to carry other students, each of whom voluntarily paid him 75 cents per week when so carried. At the time of the accident there were 6 such students in the automobile with young Wood. Wood obtained a judgment under his policy against the insurance company to cover the amount of his damages. This Court held:

"This schoolboy was not using his automobile as a public or livery conveyance for hire but to meet his own needs and, as a mere incident thereof and as an accommodation to his fellow students, carried them with him and they, in appreciation of his kindness, voluntarily contributed toward the expense and upkeep of the convenience."

In a subsequent action by one of the passengers against Wood, this Court reversed the judgment and, in doing so, referred to the previous holding that Wood was not operating "a public or livery conveyance for hire."

In *Pimper* v. *National American Fire Ins. Co.*, 139 Neb. 109 (296 N. W. 465), the court, in construing language relieving the insurer from liability "while the automobile is used as a public or livery conveyance for carrying passengers for compensation," cited and quoted with approval from *Wood* v. *Merchants Ins. Co.*, 291 Mich. 573. That court also quoted the following from *Elliott* v. *Behner*, 150 Kan. 876 (96 Pac. [2d] 852 [syllabus]) :

"The term 'public conveyance' means a vehicle used indiscriminately in conveying the public, and not limited to certain persons and particular occasions or governed by special terms. The words 'public conveyance' imply the holding out of the vehicle to the general public for carrying passengers for hire. The words 'livery conveyance' have about the same meaning." ·

We accept and adopt the definition used by the Nebraska court.

Appellant urges us to apply the definitions of "livery stable keeper" as given in 17 R. C. L. p. 1045; 24 Am. Jur. 481; and *Stanley* v. *Steele*, 77 Conn. 688 (60 Atl. 640, 69 L. R. A. 561, 2 Ann. Cas. 342). These are not, in our judgment, appli-

cable to the language of the insurance policy involved here.

The judgment is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.