**Maureene McDaniel, Appellee, v. Glens Falls Indemnity Company, Appellant.**

**Gen. No. 10,210.**

Opinion filed March 9, 1948. Released for publication March 30, 1948.

MICHAEL J. THUMA, of Chicago, for appellant.

George H. Morton, of Lombard, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

In November 1945, Maureene McDaniel purchased a Buick automobile in Chicago, Illinois, for which she paid $2,200. In the same month the Glens Falls Indemnity Company issued to her its automobile liability policy. The policy provided that the Glens Falls Indemnity Company: "agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy: . . . To pay to or for each person" (named assured included), "who sustains bodily injury, caused by accident, while in or upon, entering or alighting from the automobile classified as 'pleasure and business' . . . the reasonable expense of necessary medical, surgical, ambulance, hospital and professional nursing services . . . ." The policy further provided: "This policy does not apply: (A) under any of the coverages, *while the automobile is used as a public or livery conveyance,* unless such use is specifically declared and described in this policy and premium charged therefor."

The address of the owner, Mrs. McDaniel, was given as Lombard, Illinois. The application stated that the automobile would be principally garaged in that city; that the occupation of the plaintiff was, "housewife," and that the purpose for which the car would be used was business and pleasure. Shortly thereafter Maureene McDaniel drove her car to Los Angeles, California. A few days before Jan. 14, 1946, she called at a travel agency in Los Angeles, in response to an advertisement appearing in a Los Angeles newspaper. The advertisement solicited people who were seeking transportation and persons who were

willing to transport others. Mrs. McDaniel told the man in charge of the agency she and her mother, Mrs. Hoyer, were going to Dallas, Texas, and she left her name and address with the agent. Mrs. McDaniel's purpose in driving to Dallas was part pleasure and part business, namely, to sell the automobile. If she did not sell the automobile, she was planning to return to Los Angeles from Dallas. On Jan. 14, 1946, Mrs. McDaniel telephoned the travel agency and was informed that they had riders to go with her. She then went to the travel agency and talked to the man in charge who introduced her to Kenneth Fontonot, Roy Tingley and Mrs. Harry B. Hayes, Jr. The travel agency first presented two sailors, but Mrs. McDaniel declined to take them, because they had been drinking. Roy Tingley was going somewhere in Oklahoma; Mrs. Hayes was going to Oklahoma City, then proceed to some town in Missouri. Mr. Fontonot was going to Fort Worth, Texas. It was agreed that Mrs. McDaniel would take these people with her, and they together, paid her the sum of $30. They started out and drove over U. S. Route 66. On Jan. 16, as they were approaching a place called Tucumcari in New Mexico, they had an automobile accident in which Mrs. McDaniel and her mother were injured, and required medical attention and hospitalization.

Maureene McDaniel started a suit in the circuit court of DuPage county to recover the amount of the medical, hospital and surgical expenses under the medical payment coverage of the policy of insurance, which the plaintiff incurred on her own behalf, and on behalf of her mother, Kay Hoyer, as a result of injuries they sustained in the automobile accident, while the plaintiff and her mother were traveling in plaintiff's automobile. Kay Hoyer had previously assigned her interest to the plaintiff, Maureene McDaniel. The Indemnity Company filed their answer and disclaimed any and all liability under the policy, and claimed that at

the time the plaintiff and her mother were injured, that the automobile in question was used as a public or livery conveyance, and expressly exempted under the terms of the policy.

The case was tried before the court without a jury, who found the issues in favor of the plaintiff and rendered judgment in her favor for $850.62. The plaintiff had asked for attorney's fees. The Indemnity Company has prosecuted an appeal to this court. The plaintiff has assigned cross-errors in that the trial court should have allowed plaintiff's attorney fees in conformity with the statute.

The facts are not in dispute, and it is purely a question of law whether the exemptions in the policy were such as to relieve the defendant, Indemnity Company, from paying plaintiff's claim. Neither the appellant nor appellee has called our attention to any case in our Supreme, or Appellate Court in which this question has been passed upon. The appellant has cited several cases from other States, but an examination of those cases discloses that the exemptions in the policies in question, were quite different from the one in the present case. In the case of *Maryland Casualty Co. v. Martin*, 88 N. H. 346, 189 Atl. 162, the exemption was as follows: "For renting or livery use of the carrying of passengers for a consideration." In the case of *Mittet v. Home Ins. Co.*, 49 S. D. 319, 207 N. W. 49, the exclusion clause in the policy in question was, "If the automobile described herein shall be used for carrying passengers for compensation, or rented or leased, or operated in any race or speed contest, during the term of this policy." In *Cartos v. Hartford Accident & Indemnity Co.*, 160 Va. 505, 169 S. E. 594, one of the exclusion clauses in the policy in this case was, "while being used for any purpose other than those specified in the declaration." The court in this case held that the evidence showed that this part of the policy had been violated, and the plaintiff was not entitled to re-

cover. In the case of *Myers v. Ocean Accident & Guarantee Corp.*, 99 F. (2d) 488 in passing on the merits of the controversy, the Federal court used this language: "The words used are all current in every day use, and expressly exclude coverage not only while the motor vehicle covered by the policy is used for rental or livery purposes, but also while it "is being used for . . . the carrying of persons for a consideration." Applying this wording in its "plain ordinary and popular sense" to the facts of this case, it is too obvious to be denied that the insured automobile was at the time of the accident being used to carry three persons, the Manoffs and Johnnie, for a consideration."

It will be observed that the policy in question limits the coverage only while the automobile is used as public or livery conveyance. In the case of *Pimper v. National American Fire Ins. Co.*, 139 Neb. 109, 296 N. W. 465, the Supreme Court of Nebraska wrote the syllabus to this case, and there we find the following: 1. "The term 'public conveyance' means a vehicle used indiscriminately in conveying the public, and not limited to certain persons and particular occasions or governed by special terms. The words 'public conveyance' imply the holding out of the vehicle to the general public for carrying passengers for hire. The words 'livery conveyance' have about the same meaning." *Elliott v. Behner*, 150 Kan. 876, 96 P. (2d) 852.

"2. Where an automobile was insured against loss or damage in a collision or upset, and the policy provided that the insurer would not be liable for loss or damage while the automobile was used as a 'public or livery conveyance for carrying passengers for compensation,' held, under the facts in this case, the insured automobile was not a 'public or livery conveyance' within the meaning of those terms, nor used as such at the time it was damaged in an upset."

In *Wood v. Merchants Ins. Co. of Providence,* 291
Mich. 573, 289 N. W. 259, the plaintiff·was a minor who
attended school in Bay City, Michigan, and used his
automobile in going to and from school, a distance of
about seven miles, and while so driving he had a col-
lision causing damage to his automobile. The plaintiff
had been in the habit of carrying other students to
and from school who voluntarily paid him seventy-five·
cents per week when so carried, and at the time of the
collision, there were six other students in the automo-
bile with him. On this account, after the collision, the
defendant, insurance company, declared the policy
cancelled, sent plaintiff the premium paid, and he re-
turned it by his guardian. They brought suit on the
policy. The court, in passing on the merits of the case,
stated: "Counsel for defendant also claims that, un-
der the mentioned circumstances, the auto, at the time
of the collision, was in use 'as a public or livery con-
veyance for carrying passengers for compensation,'
and, therefore, not within the insurance coverage.

"This school boy was not using his auto as a public
or livery conveyance for hire but to meet his own
needs and, as a mere incident thereof and as an ac-
commodation to his fellow students, carried them with
him and they, in appreciation of his kindness, volun-
tarily contributed toward the expense and upkeep of
the convenience." Other cases of similar report are:
*Elliott v. Behner,* 150 Kan. 876, 96 P. (2d) 852; *In re
Boyer's Estate,* 285 Mich. 80, 280 N. W. 117; *Park v.
National Casualty Co.,* 222 Iowa 861, 270 N. W. 23;
*Marks v. Home Fire & Marine Ins. Co.,* 285 Fed. 959;
*United States Fidelity & Guarantee Co. v. Hearn,* 233
Ala. 31, 170 So. 59.

 In construing any insurance policy, no strained·
or unwarranted construction is to be adopted, which
is plainly not within the terms of the written instru-
ment, but it is also true that the policy is to be con-

strued most favorably to the insured, *Jones v. Manufacturer's Casualty Ins. Co.*, 313 Ill. App. 386.

The appellee insists that the trial court erred in not allowing her attorney's fees; that the insurance company had been given due notice of her claim and refused to pay the same; that the delay in doing so was vexatious, and she was entitled to attorney's fees, as provided in our statutes. We find no merit in this contention, as we think the Indemnity Company had a legal right to have the court pass on the question, as presented in this suit.

It is our conclusion at the time of the accident in question, Mrs. McDaniel was not using her automobile as a public or livery conveyance, as described in the provision of the policy of insurance in question. The court properly rendered judgment in favor of the plaintiff, and the same is affirmed.

*Affirmed.*