## STANLEY *v.* AMERICAN MOTORIST INSURANCE COMPANY

[No. 145, October Term, 1949.]

182

*Decided April 14, 1950.*

The cause was argued before MARBURY, C. J., COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Samuel J. Friedman,* with whom was *Samuel Schwartz* on the brief, for the appellant.

*Palmer R. Nickerson,* with whom was *Due, Nickerson & Whiteford* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a declaratory decree that plaintiff is not liable upon its insurance policy to its assured, Sebastian John Pfeiffer, a defendant, nor to appellant, the other defendant, in respect of an accident in question. No question of jurisdiction is raised, the material facts are stipulated, and the only question presented is the question of construction and application of the policy decided by the lower court.

Plaintiff on October 21, 1947 issued to Pfeiffer an automobile liability policy, which was in force on July 4, 1948, in respect of a truck owned by him. Plaintiff agreed with insured, subject to the limits of liability, exclusion, conditions and other terms of the policy, to pay on behalf of insured all sums which he should become obligated to pay by reason of the liability imposed upon him by law because of bodily injury sustained by any person caused by accident and arising out of the ownership,

maintenance or use of the automobile by insured or when driven by another with his permission, subject to the limitations of the policy. Under the title "Exclusions" the policy provides, "This policy does not apply: (a) while the automobile is used as a public or livery conveyance, * * *". Declaration 4 in the policy states "* * * the commercial automobiles will be used for 'commercial'. * * * (b) The term 'commercial' is defined as use principally in the business occupation of the named assured as stated in Declaration 1, including occasional use for personal, pleasure, family and other business purposes. * * *." A club, of which appellant was a member, was transported to a picnic in the insured's truck on July 4, 1948, for which transportation tickets were sold for the aggregate sum of $18, which was paid to Norman Johnson, who drove the truck. Johnson was an employee of insured, but was not acting as agent or servant or on behalf of insured in transporting the people on the picnic. He had, however, permission to drive the truck. An accident occurred in which appellant was injured. She obtained a judgment by default against insured on account of her injuries. Neither insured nor Johnson was engaged in the business of carrying persons or passengers for hire or other consideration or ever offered to do so; nor were any persons ever transported or carried for a consideration or for hire in insured's truck, whether driven by him, or Johnson, or anyone else, except in this instance.

The lower court, construing the policy, held that at the time of the accident, the truck was "used as a public or livery conveyance". Appellant, disputing this construction, contends that the truck was not so used.

The words of the exclusion provision, we think, support the construction that has been given to them, or to substantially identical words, in practically every reported case in other jurisdictions, and lead to the conclusion that at the time of the accident the truck was not used "as a public or livery conveyance." In common speech "public conveyance" may not be limited to a

common carrier. A liveryman does not, like a common carrier, undertake to serve all comers, *Broadway Auto Livery v. State Board of Public Roads*, 53 R. I. 109, 158 A. 375, but may, like a merchant, to the extent of his facilities, serve indiscriminately as much of the public as is acceptable to him as customers. "Contract carriers", who cannot be compelled to become common carriers, *Michigan Public Utilities Comm. v. Duke*, 266 U. S. 570, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105; *Frost v. Railroad Commission*, 271 U. S. 583, 46 S. Ct. 605, 70 L. Ed. 1101, 47 A. L. R. 457; *Smith v. Cahoon*, 283 U. S. 553, 51 S. Ct. 582, 75 L. Ed. 1264, but may be subjected to many of the same regulatory requirements as common carriers, *Rutledge Co-Op. Association v. Baughman*, 153 Md. 297, 138 A. 29, 56 A. L. R. 1042; *Parlett Co-operative v. Tidewater Lines*, 164 Md. 405, 165 A. 313; *Continental Baking Co. v. Woodring*, 286 U. S. 352, 52 S. Ct. 595, 76 L. Ed. 1155, 81 A. L. R. 1402; *Sproles v. Binford*, 286 U. S. 374, 52 S. Ct. 581, 76 L. Ed. 1167; *Stephenson v. Binford*, 287 U. S. 251, 257, 53 S. Ct. 181, 77 L. Ed. 288, 87 A. L. R. 721, may be "public or livery conveyances". *Cf. Graff v. Davidson Transfer & Storage Co.*, 192 Md. 632, 65 A. 2d 566. But it does not follow that the truck now in question was a "public or livery conveyance."

In *Pimper v. National American Fire Ins. Co.*, 139 Neb. 109, 296 N. W. 465, the insured took with him on a trip several acquaintances, who paid part of the expenses. In holding that this was not use as a public or livery conveyance, the court said, "The exclusionary clauses considered in the cited cases are broader than that used in the policy in this case. Under such clauses, if the insured automobile is being used as a conveyance for carrying passengers either for hire, a consideration, or compensation, and loss or damage occurs, the insurer is relieved from liability, while the clause under consideration only relieves the insurer from liability for loss or damage sustained while passengers are being conveyed for compensation in a 'public or livery conveyance.'

" 'The term "public conveyance" means a vehicle used indiscriminately in conveying the public, and not limited to certain persons and particular occasions or governed by special terms. The words "public conveyance" imply the holding out of the vehicle to the general public for carrying passengers for hire. The words "livery conveyance" have about the same meaning.' *Elliott v. Behner*, 150 Kan. 876, 883-884, 96 P. 2d 852.

"There is no evidence that the insured automobile was kept, used or held out for use to the public as a vehicle for carrying passengers for hire. * * *

"Under the evidence the insured automobile was not a 'public or livery conveyance' within the meaning of those terms * * *". 139 Neb. 112-113, 114, 296 N. W. 467. To the same effect see *Wood v. Merchants Ins. Co.*, 291 Mich. 573, 289 N. W. 259, (quoted in the *Pimper case*) ; *Allor v. Dubay*, 317 Mich. 281, 26 N. W. 2d 772, (quoting the *Pimper case*) ; *McDaniel v. Glens Falls Indemnity Co.*, 333 Ill. App. 596, 78 N. E. 2d 111, (quoting the *Pimper case*) ; *Warren v. Royal Exchange Ins. Co.*, (Mo. App.), 205 S. W. 2d 744, (following the *Pimper case*) ; *O'Donnell v. New Amsterdam Casualty Co.*, 50 R. I. 269, 146 A. 410, 412, (in which a loan of a bus by one corporation to an affiliated one, in an emergency, on a mileage basis intended to cover expenses but possibly allowing some profit, was held not to be use for "rental or livery purposes", the court distinguishing between "rented" and "used for rental purposes".)

For present purposes at least, we may assume that, as was held by the lower court in the instant case and by the Circuit Court of Appeals in *Myers v. Ocean Accident & Guarantee Corporation*, 4 Cir., 99 F. 2d 485, (opinion by Judge Chesnut), an exclusion clause applies to a single excluded use, and not only to "habitual" excluded use. If insured's truck had been held out to the public, by advertisement or otherwise, for use as a vehicle for carrying passengers for hire, on picnic parties or otherwise, such use would have been an excluded use even if the accident happened on the first instance of such use. But words

defining a particular excluded use, *e.g.*, use "as a public or livery conveyance", unlike others, *e.g.*, use for "the carrying of persons for a consideration", may be inapplicable to a particular single isolated transaction though applicable to a course of such transactions. *Cf. O'Donnell v. New Amsterdam Casualty Co., supra,* 50 R. I. 273, 146 A. 410. We do not adopt all that is said in the opinion in the case just cited or in other cases above cited. Nor do we attempt to say how many picnic parties would have amounted to a holding out to the public of the truck as a public or livery conveyance. It is sufficient to say that the one isolated instance of use by Johnson for compensation was not such a holding out. If we assume for present purposes that the exclusion clause is not narrowed by the "declaration" as to use, that declaration is at least consistent with the view that some isolated—or "occasional" (?)—acts may not amount to an excluded use.

Appellant relies, as did the lower court, principally on the opinion of the Circuit Court of Appeals, by Judge Chesnut, in *Myers v. Ocean Accident & Guarantee Corp., supra.* That case involved the construction and application of the following exclusion clause, "No insurance is granted by this policy—(f) while any private passenger or commercial vehicle covered herein is being used for rental or livery purposes or *the carrying of persons for a consideration * * *.*" [99 F. 2d 486] (Italics in the opinion.) The opinion contains an exhaustive review of the many cases which have construed and applied the broad exclusion clause there involved and a thorough discussion of the pertinent reasoning and authorities. Even if we had any disposition to question Judge Chesnut's reasoning or conclusions, we have no occasion to do so, since the broad exclusion clause in that case is essentially different from the narrower clause in the instant case. This difference could not be made clearer than Judge Chesnut has made it by emphasizing the broad language in the clause and by discussing only cases which involved the same or similar broad clauses and not cases

turning on the narrower clause involved in the instant case. What we have just said of the *Myers* case is sufficient to distinguish the earlier case of *Mittet v. Home Insurance Co.*, 49 S. D. 319, 207 N. W. 49, upon which plaintiff also relies.

At the argument plaintiff's counsel stated that its policies formerly contained the same exclusion clause as the policy in the *Myers* case, but that during the war that clause had been narrowed to its present form so as not to exclude "sharing the ride", which was encouraged by the Government and virtually compelled by gasoline rationing. The fact that the clause was materially narrowed, rather than the reason for narrowing it, may have some significance. Most of the reported cases in which the narrower clause has been construed were decided before the policy in suit was issued. It seems not unreasonable that, like a state which adopts, by copying, a foreign statute, *Lavender v. Rosenheim,* 110 Md. 150, 155-156, 72 A. 669, 132 Am. St. Rep. 420; *Zell v. Safe Deposit & Trust Co.,* 173 Md. 518, 525, 196 A. 298; *Heyn v. Fidelity Trust Co.,* 174 Md. 639, 658, 197 A. 292, 1 A. 2d 83, 739; *Saunders v. Maryland Unemployment Compensation Board,* 188 Md. 677, 687-688, 53 A. 2d 579; *Tucker v. Oxley,* 5 Cranch 34, 42, 3 L. Ed. 29, (per Marshall, C. J.) ; *Pennock v. Dialogue,* 2 Pet. 1, 18, 7 L. Ed. 327 (per Story, J.) ; *McDonald v. Hovey,* 110 U. S. 619, 628, 4 S. Ct. 142, 28 L. Ed. 269; *Metropolitan Railroad Co. v. Moore,* 121 U. S. 558, 572, 7 S. Ct. 1334, 30 L. Ed. 1022; *Willis v. Eastern Trust & Banking Co.,* 169 U. S. 295, 307, 18 S. Ct. 347, 42 L. Ed. 752; *James v. Appel,* 192 U. S. 129, 135, 24 S. Ct. 222, 48 L. Ed. 377; *Joines v. Patterson,* 274 U. S. 544, 549, 47 S. Ct. 706, 71 L. Ed. 1194; cf. *Carolene Products Co. v. United States,* 323 U. S. 18, 25-27, 65 S. Ct. 1, 89 L. Ed. 15, 155, A. L. R. 1371, parties who adopt an insurance policy, which apparently has had nationwide use and has been judicially construed in five or six states, adopt with it the uniform judicial construction that it has received in other states. See *Levinson v. Reliance Life Ins. Co.,* 184 Md. 453,

461-462, 41 A. 2d 485. "Adoption" by the insured doubtless is a fiction, but may be a useful one, and to the extent that the form as well as the substance of contracts is shaped by "competition in the market place", perhaps is not altogether a fiction. "Adoption" by the insurer may well be regarded as a fact.

*Decree reversed, with costs, and case remanded for passage of a decree in accordance with this opinion.*