**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**Edgar ROBERSON, Joseph C. Potillo, Percy Greer and Sidney Jointer,**
Appellees.

No. 15075.

United States Court of Appeals
Eighth Circuit.

Dec. 7, 1954.

Duval L. Purkins, Warren, Ark. (Barber, Henry & Thurman, Little Rock, Ark., on the brief), for appellant.

John Harris Jones, Pine Bluff, Ark. (Lawrence Dawson and A. D. Chavis, Pine Bluff, Ark., on the brief), for appellees.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The insurance company appellant seeks reversal of a judgment which dismissed with prejudice its action for declaratory judgment of non liability upon an automobile insurance policy issued by it to one Edgar Roberson, a defendant in the action. There was federal jurisdiction by reason of diversity of citizenship and amount involved and the case was tried to the court without a jury. It appeared on the trial that on Jan-

uary 6, 1953, during the insurance period of the policy, the insured truck came into a collision and the driver of the colliding vehicle and persons riding in Roberson's truck claimed damages against Roberson and were made defendants in this action. The claim of the insurance company was that defendants were precluded from indemnity under the policy because Roberson was using the insured truck at the time of the collision as a "livery conveyance" and came within the following exclusion contained in the policy:

"This policy does not apply; (a) under any of the coverages while the automobile is used as a public or livery conveyance unless such use is specifically declared and described in this policy and premium charged therefor."

Said automobile was not declared in said policy as "a public or livery conveyance" nor was premium specifically charged therefor.

The defendants denied that Roberson was using his truck as a "public or livery conveyance".

In its findings of fact the trial court reviewed the contentions made by the respective parties and found that "at the time of the collision Roberson was driving his truck with his two small children and Jerry Fair in the cab of the truck and Sidney Jointer and Percy Greer in the rear of the truck. Fair, Jointer and Greer were fellow employees of Roberson at Pine Bluff Arsenal and all four were on their way to work. It was customary for Fair, Jointer and Greer to share the expenses of the truck, contributing approximately thirty cents for the round trip of approximately 20 miles. No tickets were sold and payment was on a voluntary basis. Roberson did not solicit riders either personally or in any other manner. There is no evidence that he ever held his truck out to the public for hire or that he ever used the truck for other than his personal use and to transport himself and fellow workers to their place of employment and return. At the time and place of said collision defendant Roberson was not using the insured vehicle as a public or livery conveyance." The court also declared as its conclusion of law that at the time of the collision from which this cause arises defendant Roberson was not using the insured vehicle as a "public or livery conveyance" within the meaning of the Exclusion of the policy.

On the appeal the insurance company does not directly or specifically attack any of the above findings of evidentiary circumstances made by the trial court, but it claims that other evidentiary facts not included in the findings were proven and that the whole evidence established its claim as a matter of law. It contends the court erred in holding to the contrary.

As facts additional to those found, the appellant points out that according to the evidence the original insuring agreement was issued on Roberson's application made in December 1949 (some three years before the accident) and remained in force by agreement although Roberson changed trucks. In his application for the original policy Roberson declared the truck was to be used for "pleasure and business or commercial" and was to be used to go to and from work (his home being in Pine Bluff, Arkansas, and place of work at the Pine Bluff Arsenal). He also signed a statement saying that the distance to his place of work was ten miles and that he would carry passengers who would share the expense. As to "the number of passengers carried" the statement which was written in lead pencil was not legible but disclosed a figure which was either a 2 or a 7 and the trial court expressed no opinion as to which figure was intended. Roberson attached to the bodies of both of the trucks he had insured a plywood housing with a roof and back door and windows and a bench on each side of the car set parallel with the length of it providing a sheltered place for riders to sit. There was room for two to sit with the driver on the front seat and for eight on the benches—with crowding, ten to twelve.

Roberson drove over a regular route of travel from his home on west to Highway 79 and thence on that highway to the Arsenal. He picked up his fellow workers en route and let them off on his return from work at places nearest their respective homes.

On occasions when he did not work through the day at the Arsenal his brother-in-law drove the truck and carried the workmen. At the time of the collision two of the fellow workmen who rode in the truck were waiting to be picked up at the intersection where the collision occurred. There was substantial evidence that the number of those who rode to work and back on the truck was about seven.

The law of Arkansas was concededly the law applicable to the case and the parties admit there was no decision in that state "with facts like the case at bar which called for a construction of the terms 'public or livery conveyance' ".

The trial court was therefore required to turn to the several authoritative decisions of other states in which the terms of "Exclusion" contained in the present policy have been considered and applied.

In Allor v. Dubay, 317 Mich. 281, 26 N.W.2d 772, 773, it appeared that a person was injured in an automobile collision which occurred while she was riding home from work with other employees pursuant to a "share-the-ride" arrangement under which she paid the car owner $2.50 per week for transportation. The car in which she was riding was insured under a policy which contained the same Exclusion here involved and recovery against the insurance company was affirmed by unanimous decision of the State Supreme Court. The company contended that the automobile was being used as a "livery conveyance" but on consideration the contention was overruled. The court said:

"* * * Defendant concedes that the Dubay automobile was not being used as a 'public conveyance,' but insists that at the time of the accident it was being used as a 'livery conveyance.' " * * *

"In Wood v. Merchants Insurance Co., 291 Mich. 573, 289 N.W. 259, and Brown v. Wood, 293 Mich. 148, 291 N.W. 255, 127 A.L.R. 1436, this court discussed questions comparable to those presented by the instant case. Wood was insured under a policy which did not cover him for loss or damages sustained while his automobile was 'used as a public or livery conveyance for carrying passengers for compensation.' His son, a minor, used the car in going to and from school at Bay City, a distance of about 7 miles from his home. It was the son's practice to carry other students, each of whom voluntarily paid him 75 cents per week when so carried. At the time of the accident there were 6 such students in the automobile with young Wood. Wood obtained a judgment under his policy against the insurance company to cover the amount of his damages. This court held (291 Mich. 573, 289 N.W. 260):

" 'This school boy was not using his auto as a public or livery conveyance for hire but to meet his own needs and, as a mere incident thereof and as an accommodation to his fellow students, carried them with him and they, in appreciation of his kindness, voluntarily contributed toward the expense and upkeep of the convenience.' * * *

"In Pimper v. National American Fire Ins. Co., 139 Neb. 109, 296 N.W. 465, 466, the court, in construing language relieving the insurer from liability 'while (the automobile used) "as a public or livery conveyance for carrying passengers for compensation," ' cited and quoted with approval from Wood v. Merchants Ins. Co., 291 Mich. 573, 289 N.W. 259. That court also quoted the following from Elliott v. Behner, 150 Kan. 876, 96 P.2d 852:

" 'The term "public conveyance" means a vehicle used indiscriminately in conveying the public, and not limited to certain persons and particular occasions or governed by special terms. The words "public conveyance" imply the holding out of the vehicle to the general public for carrying passengers for hire. The words "livery conveyance" have about the same meaning.'

"We accept and adopt the definition used by the Nebraska Court.

"Appellant urges us to apply the definitions of 'livery stable keeper' * * *. These are not, in our judgment, applicable to the language of the insurance policy involved here." 26 N.W.2d 772, 774.

The citations made by the Michigan Supreme Court reflect that it concurred with the Supreme Courts of Nebraska and Kansas in refusing to apply the Exclusion here involved to uses of insured vehicles which were substantially comparable to the use which the insured made of his truck in this case.

In McDaniel v. Glens Falls Indemnity Co., 333 Ill.App. 596, 78 N.E.2d 111, 113, the case arose from use of the car by the insured to carry passengers obtained at a travel agency in Los Angeles to Dallas, Texas, for an agreed consideration. The policy contained the Exclusion here involved. In reviewing the law upon the present point the Illinois court quoted the syllabus in the Pimper case, supra, defining public conveyance and livery conveyance as having about the same meaning, indicated approval of the Wood case, supra, and cited the following cases as "of similar report": Elliott v. Behner, 150 Kan. 876, 96 P.2d 852; In re Boyer's Estate, 285 Mich. 80, 280 N.W. 117; Park v. National Casualty Co., 222 Iowa 861, 270 N.W. 23; Marks v. Home Fire & Marine Ins. Co., 52 App.D. C. 225, 285 F. 959; United States Fidelity & Guaranty Co. v. Hern, 233 Ala. 31, 170 So. 59.

In Stanley v. American Motorists Insurance Co., 195 Md. 180, 73 A.2d 1,

30 A.L.R.2d 268, the present Exclusion was relied upon by the insurance company in its action for declaratory judgment of non liability under the automobile policy issued by it. It was held that the coverage of the policy included the use of the insured truck when it was used to carry members of a club on a fourth of July picnic although tickets were sold for riding on the truck. The annotation following this case in 30 A.L. R.2d published in 1953 digests the cases that have arisen under the "Exclusion" here involved. We do not find any which appear to be so clearly contrary to the judgment before us as to require discussion.

 We conclude that the judgment appealed from is supported by substantial authoritative precedent and is not in conflict with any applicable declaration of the courts of Arkansas. The question for decision was a question of the local law of Arkansas and this court generally will accept the considered views of the District Judge in that State. Our reasons for taking that position are reiterated in Guyer v. Elger, 8 Cir., 216 F.2d 537. The judgment is accordingly

Affirmed.