**LILLY, et al. v. NATIONAL FIRE INS. CO. of HARTFORD.**

Circuit Court, Palm Beach County.

September 28, November 15, December 21, 1954.

Albert T. Sims, West Palm Beach, for plaintiffs.

Earnest, Lewis, Smith & Jones, West Palm Beach, for defendant.

JOSEPH S. WHITE, Circuit Judge.

*Final judgment*: This cause came on for the entry of final judgment upon the pleadings, testimony taken orally before the court without a jury, and argument of counsel.

Defendant contends that there is no liability on its insurance policy because at the time of the loss plaintiff was using his automobile in taxicab service contrary to the policy.

Upon the issue of fact thus presented, the court finds for the defendant. Plaintiff has offered no rule of law contradicting defendant's theory of the case, and accordingly the court finds for the defendant.

Thereupon, it is ordered and adjudged that plaintiff take nothing by his suit, and that defendant go hence without day. Court costs are assessed against the plaintiff.

*Order granting motion for new trial*: This cause was heard after due notice upon plaintiff's motion for a new trial, and argument of counsel.

The provision of the insurance contract now in question is that the insurer assumes no liability "while the automobile is used as a public or livery conveyance."

The evidence showed that at the time of the accident in question, the owner was carrying passengers for compensation. The evidence showed that on another occasion a person had been transported in the same automobile on a paying basis.

According to principles stated in Stanley v. American, etc. Co. (Md.), 73 Atl. 2d 1, 30 A.L.R. 2d 268, such a provision of an

insurance policy as is involved here applies only where the vehicle is held out to the general public for passenger carrying purposes. See also Anno. 30 A.L.R. 2d 273.

The evidence before the court did not show that the motor vehicle in question had ever been held out to the public generally as a "for hire" vehicle. Accordingly, the judgment which has been entered is unsupported by applicable principles of law.

Thereupon, it is ordered and adjudged that the said final judgment is set aside and vacated, and final judgment will be entered for the plaintiffs, upon due notice to the parties.

*Order on petition for rehearing*: This cause was heard after due notice on defendant's petition filed November 22, 1954 for a rehearing, and argument of counsel.

Undoubtedly defendant has established that at the time of the accident, plaintiff was transporting passengers for compensation in his automobile, but defendant has not established by a preponderance of the evidence that plaintiff was using his automobile "as a public or livery conveyance," as that phrase has been interpreted by judicial decision. See Stanley v. American, etc. Co. (Md.), 73 Atl. 2d 1, 30 A.L.R. 268, and also Anno. 30 A.L.R. 273.

The petition for rehearing is denied.

*Final judgment*: This cause came on for entry of final judgment.

The court finds the defendant is indebted to the plaintiffs in the sum of $2,500, together with $450 reasonable attorney's fee.

Thereupon, it is ordered and adjudged that plaintiffs do have and recover from the defendant $2,950 damages, for the recovery of which let execution issue.