GUSTAVE GANZHORN, Plaintiff, *v.* MANUFACTURERS' CASUALTY INSURANCE COMPANY, Defendant.*

Supreme Court, Trial Term, New York County, March 18, 1942.

---

* Affd., 265 App. Div. 851.

*Flashnick & Liberman* for plaintiff.

*John F. X. Browne* for defendant.

PECORA, J. The evidence in the case showing the circumstances under which the plaintiff accompanied Ahr and Ottens across the country in the automobile (a station-wagon type) owned by Ahr satisfies me that, for the purposes of making the trip, the automobile was not being used thereby " as a public or livery conveyance," and that it was not being used " for carrying persons for a charge." In its aspects most favorable to the defendant the most that can be asserted from the evidence is that Ahr, Ottens, and the plaintiff informally arrived at an understanding that each of them would bear equally solely those expenses of the trip which consisted of oil and gasoline charges. The evidence establishes that no other expenses were to be borne by either the plaintiff or by Ottens for the operation of the automobile.

There is no proof that Ahr would not have permitted plaintiff or Ottens to accompany him on the trip in the absence of any agreement on their part to make a contribution to the operating expenses of the automobile. In other words, the evidence does not show that the making of such a contribution by plaintiff and Ottens was the factor which moved Ahr to allow them the use of his car for the trip which all three made.

I have carefully examined and considered the authorities cited by the learned counsel for the defendant. But, in my opinion, the evidence does not justify a holding that the assured's car was used on the trip in question under circumstances which, by virtue of exclusion clause (a) of the policy defendant issued to Ahr, would exempt defendant from liability to plaintiff upon the judgment which plaintiff has recovered in this court against Ahr. I therefore direct judgment in favor of plaintiff and against the defendant for the relief prayed for in the complaint, with costs. Settle findings and conclusions on five days' notice.