R. Waldron Herzberg, J.
Plaintiff seeks a judgment declaring that its assured, the defendant Arthur Cervantes, and the defendant John Dahoda, Jr., who was the operator of the assured’s vehicle, should not be afforded a defense, protection or coverage under a liability insurance policy issued to Cervantes in an action brought by defendant, Borneo Boudreau, as administrator of Michael F. Boudreau, deceased, for the wrongful death of Michael F. Boudreau as the result of injuries sustained while riding on insured equipment owned by Cervantes and operated by Dahoda. On the other hand defendants in their answers affirmatively seek a declaratory judgment determining that their respective clients are entitled to protection, coverage and defense under said liability policy.
On the written application of Cervantes dated April 1, 1960 plaintiff issued a liability insurance policy insuring a farm tractor owned by this defendant and also covering by indorsement any farm wagon owned or maintained for use with such farm tractor for the period commencing on April 1,1960 and terminating on April 1,1961. In addition this policy specifically excluded coverage while the vehicle was used as a “ public or livery conveyance ” unless such use was specifically declared and described in the policy. No such declaration appeared in this policy.
*529 No dispute exists in respect to the material facts in this matter. In April, 1960 Cervantes operated a small truck farm near Waterford in the County of Albany. For farming purposes Cervantes owned and maintained a farm tractor; his grandson, Dahoda, owned a farm wagon, which on occasions was attached to the tractor and used on the farm. A few days prior to April 8,1960 Jeanette Durocher, a teen-ager of about the same age as Dahoda, interested the latter in providing transportation for Jeanette and her friends on a hayride. With the knowledge of Cervantes, his grandson consented to provide a hayride for this group of young people, including Michael F. Boudreau. It was agreed that the farm tractor, owned by Cervantes, would be employed to haul the farm wagon owned by Dahoda. However Dahoda informed Jeanette that he could not arrange the excursion on the farm wagon unless the participants paid for the cost of the gasoline, oil and insurance. Jeanette collected about $15 which she delivered to Dahoda prior to the start of the trip. This sum Dahoda kept. During the course of the hayride Boudreau received personal injuries from which he subsequently died. All the evidence adduced on the trial points to the conclusion that this farm equipment was never used prior to or subsequent to April 8, 1960 to transport passengers for hire. The hayride on April 8,1960 was the sole exception.
On the evidence in this action and the decisional law I am constrained to find that neither Cervantes nor Dahoda was operating either the tractor or farm wagon as a “ public or livery conveyance ” on April 8,1960. The accepted definition of a “ public conveyance ” does not include the use employed at any time by these defendants of these vehicles. “ It is a public conveyance because indiscriminately it conveys the public. It is not private, because its use is not limited to certain persons and particular occasions, or governed by special terms.” (Elliot v. Behner, 150 Kan. 876, 883; 6 Berry, Automobiles, § 6.617, p. 85.) Furthermore in an analogous factual situation the Court of Appeals of the State of Maryland decided this precise question adversely to the contention of the plaintiff herein. In Stanley v. American Motorists Ins. Co. (195 Md. 180,184) the court held that a truck used under the following circumstances did not come within the provisions of a liability policy excluding coverage while the vehicle was used as a “ public or livery conveyance ”. “ A club, of which appellant was a member, was transported to a picnic in the insured’s truck on July 4,1948, for which transportation tickets were sold for the aggregate .sum of $18, which was paid to Norman Johnson, who drove the truck. Johnson was an employee of insured, but was not acting as agent or servant *530 or on behalf of insured in transporting the people on the picnic. He had, however, permission to drive the truck. An accident occurred in which appellant was injured. She obtained a judgment by default against insured on account of her injuries. Neither insured nor Johnson was engaged in the business of carrying persons or passengers for hire or other consideration or ever offered to do so; nor were any persons ever transported or carried for a consideration or for hire in insured’s truck, whether driven by him, or Johnson, or anyone else, except in this instance.”
Substituting Cervantes for Stanley and Dahoda for Johnson, we have practically the identical set of facts in the instant action and should necessarily come to the same conclusion as the court did in Stanley.
Supporting this conclusion the Appellate Division, Third Department, in its memorandum decision denying plaintiff’s motion for a summary judgment in this action stated: ‘ ‘ A single use of a vehicle for hire had been held not to make out use as ‘ a public or livery conveyance ’ ”, (National Grange Mut. Ins. Co. v. Cervantes, 17 A D 2d 1002.) As authority for this holding the Appellate Division cited Elliot v. Behner (supra) and Stanley v. American Motorists Ins. Co. (supra).
Therefore, for the reasons heretofore stated it is the conclusion of this court that the plaintiff has failed to sustain its cause of action and under those circumstances, its complaint must be dismissed. On the other hand this court decides that the defendants are entitled to a declaratory judgment that the plaintiff shall afford them protection, coverage and defense under the liability insurance policy issued to Arthur A. Cervantes on April 13, 1960 for the period commencing on April 1, 1960 and terminating on April 1, 1961, with costs.