■ NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant, v. ARTHUR CERVANTES et al., Respondents.— TAYLOR, J. Appeal from a judgment of the Supreme Court dismissing the complaint after a trial by the court without a jury. The relief sought by the plaintiff insurance company was a declaration that defendants who are its insured, the operator of his motor vehicle and the plaintiff in an action for wrongful death against the insured and the driver " are not entitled to protection, coverage and defense" under a policy of automobile liability insurance issued to the owner of the vehicle. The exclusionary clause relied on provided that the policy did not apply, with an exception not pertinent here, " while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy." Concededly, the policy contained no such declaration. The material facts are not in dispute. On April 8, 1960 the insured vehicle, described in the policy as a farm tractor, was used to take a group of teenagers for an evening hayride, in the course of

which defendant Boudreau's intestate was killed. The participants contributed a sum of money totaling about $15 to defray the operating expenses of the automobile including liability insurance coverage. The evidence discloses that the vehicle had not theretofore or thereafter been used to transport passengers for hire. The trial court found that the single isolated use to which the motor vehicle was put on April 8, 1960 was not tantamount to its employment as a "public or livery conveyance" and that plaintiff thus could not avoid liability under the exclusion clause of the policy. The case law of this and other jurisdictions supports this construction of the exclusionary provision. (*Ganzhorn* v. *Manufacturers' Cas. Ins. Co.*, 179 Misc. 548, affd. 265 App. Div. 851, mot. for lv. to app. den. 265 App. Div. 921; *Elliot* v. *Behner*, 150 Kan. 876; *Stanley* v. *American Motorists Ins. Co.*, 195 Md. 180; Anno. Automobile Insurance — Exclusions, 30 ALR 2d 273–280.) The theory now advanced by appellant as the principal ground for reversal which is essentially based on fraud in the procurement of the policy was neither alleged in the complaint nor urged at the trial and is unavailing here. (9 Carmody-Wait, New York Practice, p. 15, § 325 and cases there cited.) Judgment affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ, concur. [46 Misc 2d 528.]