William R. Brennan, Jr., J.
The insurance carrier covering a designated motor vehicle owned and operated by the defendant Pardo on June 11, 1965, when it was involved in an accident resulting in injuries to 12 of his passengers, who are named defendants herein (as are the Massaros, owner and the operator of the vehicle with which Pardo was in collision), seeks a declaratory judgment that its coverage does not extend to the accident in question or cover the claims of any of the Pardo passengers or of the Massaros.
The policy as issued excluded from liability and property damage coverage “ any automobile while used as a public or livery conveyance.”
Prom the stipulated facts and exhibits, it appears that the Pardo vehicle involved was a one-ton panel Chevrolet truck which had been altered after delivery to Pardo so that it could accommodate passengers sitting along each side and along the rear of the vehicle. Approximately 12 persons could then be seated therein.
The 12 defendants who were passengers in the Pardo vehicle at the time of the accident were domestics en route to the homes of prospective employers for that day where they were to perform domestic services pursuant to employment procured for them by Pardo who is a licensed employment agency.
Each householder-employer serviced by Pardo paid $13 per day for the services of the domestic which was in most instances paid to the employee who retained $9.50 and gave $3.50 to Pardo under an arrangement best expressed in his own advertisements as “ Women wanted for days [sic] work * * *. We pick you up — Take you to work — And home”. Such transportation was provided when required and Pardo’s fee did not decrease if transportation was not sought nor was the fee dependent upon the distance travelled to and from the job sites.
In this connection, it may be noted that section 185 of the General Business Law classifies domestics and household employees in Class A types of employment and fixes for such classification a fee range of 10% to 18% (depending upon factors as to which, in this case, the court has no evidence) of the gross *356 wage paid the worker as the permissible agency charge. Thus, the highest permissible charge for the services of Pardo as a State-licensed employment agency for the domestics he was transporting on the date in question was $2.34. Since a violation of section 185 is a misdemeanor (General Business Law, § 190), it must be presumed that any excess over permitted agency fees which Pardo charged to domestics and household employees was for the independent service of transportation under his undertaking to “We pick you up — Take you to work — And home ”.
One final fact to be noted before considering the applicable law is that in 1963, when applying to plaintiff for insurance coverage (which by renewal is reflected in the insurance policy in suit) Pardo stated his occupation as ‘1 office and home cleaning service ’ ’ and listed his use for a Chevrolet Suburban then owned by him as a business use, but made no reference to transporting his agency’s clients.
That Pardo was in fact regularly using his vehicle to transport domestics availing themselves of his services is obvious. Such a use, consistently engaged in, is equally obviously one for which he neither paid premiums nor sought coverage, and the language of the exclusionary clause.is not so ambiguous as to make that clause inoperative unless the plaintiff waived its rights under the clause or is estopped from asserting them (cf. East Side Garage v. New Brunswick Fire Ins. Co., 198 App. Div. 408, 410).
The defendant relies on cases which are readily distinguishable. National Grange Mut. Ins. Co. v. Cervantes (25 A D 2d 471) holds that a single, isolated use of a vehicle (a farm tractor) to take a group of teenagers for an evening hayride, to the cost of which a contribution was made, was not tantamount to its employment as a “ public or livery conveyance ”. We deal not with a single, isolated use but a repeated daily use, the advantages and availability of which were the subject of advertising and an inducement to the utilization of Pardo’s agency. Equally misplaced is his reliance upon Ganzhorn v. Manufacturers’ Cas. Ins. Co. (179 Misc. 548, affd. 265 App. Div. 851) where participants in a cross-country trip arrived at an understanding to share solely those expenses of the trip which consisted of oil and gasoline charges. Here, again, is an isolated use; and, it may be noted, the court commented on the absence of proof that the owner would not have permitted the passengers to ride absent an agreement to share operating expenses. In the case at bar, the only possible conclusion is that one not using Pardo’s service and not paying him his $3.50 fee (which' necessarily *357 included the charge for transportation as noted above) could not ride in his vehicle.
The defendant also relies on Bertino v. Equitable Fire & Marine Ins. Co. (214 N. Y. S. 2d 155), but it does not appear that the children there being driven from a private day camp to their homes were charged for that service nor that all of the facts were before the court on the motion for summary judgment. If the full record were to reveal a situation on all fours with the case at bar, this court would feel constrained respectfully to disagree with the conclusions there reached which were not, so far as appears, subjected to appellate review.
The line of demarcation is to be found in the court reporter’s note in Yelin v. Columbia Cas. Co. (265 N. Y. 590, 591), which upheld judgment against an insurer where ‘' There was evidence that plaintiff had been riding with the assured to and from work for a few months prior to the accident, and had been contributing small sums of money toward the cost of gas and oil; that no request for such payment had been made by the assured; that assured had stated that she would take plaintiff to and from work without pay; and that no agreement with respect to payment had ever been made between them.” To compare that state of facts with those stipulated and found in this case is to distinguish the course of conduct which requires a different result here: the express charge for transportation, the advertising of its availability as part of Pardo’s business; the substantial numbers necessarily involved as the result of his daily carriage; and his obvious purpose to operate his vehicle for profit on a charge partially and necessarily attributable to transportation.
The plaintiff is entitled to judgment accordingly.