## (April 14, 1969)

■ AMERICAN FIDELITY FIRE INSURANCE COMPANY, Respondent, v. JACK PARDO et al., Appellants, et al., Defendants.— In an action by an insurance company for a declaratory judgment and an injunction with respect to a liability policy it had issued to cover defendant Pardo's motor vehicles, one of which was involved in an accident, defendants Pardo and Motor Vehicle Accident Indemnification Corporation appeal from a judgment of the Supreme Court, Nassau County, dated February 13, 1968 and made after a nonjury trial upon stipulated facts, which (a) adjudged that at the time of the accident the vehicle was being used as "a public or livery conveyance" and that the policy does not cover the claims of the other defendants, who were injured in the accident; and (b) enjoined defendants from bringing action against plaintiff based on the accident and the policy. Judgment reversed, on the law and facts, with one bill of costs to appellants jointly, and judgment granted in favor of defendants declaring (a) that at the time of the accident defendant Pardo's vehicle was not being used as "a public or livery conveyance," (b) that the policy's clause excluding coverage if the vehicle was being used as "a public or livery conveyance" is inapplicable to this accident, and (c) that the policy covers the claims of defendant Pardo and the other defendants who sustained personal injuries or property damage in the accident. Defendant Pardo operates an employment agency for domestic day workers. He obtained an automobile liability insurance policy from plaintiff covering two cars, one of them a Chevrolet Suburban which he listed in his application for the insurance as being operated for "Business use". During a subsequent renewal period he replaced the Chevrolet Suburban with a small Chevrolet truck which he had altered so it could carry 12 passengers. The policy contained clauses excluding coverage of any car, *inter alia,* "while used as a public or livery conveyance." In the course of his employment agency business, Pardo transported the domestic day workers to and from the homes at which they worked, if they required and desired transportation. The employers paid the domestics $13 for services rendered; the domestics retained $9.50 and turned $3.50 over to Pardo, whether or not the domestics used his transportation service and regardless of the distance he transported those who used his service. On June 11, 1965, while Pardo was transporting 12 domestics to their places of employment in his Chevrolet truck, he was involved in the accident in question with another car. Thereafter the plaintiff insurer brought this action. The trial court found for plaintiff and granted the judgment under review, so declaring. In our opinion, that finding and the judgment were erroneous. Any ambiguity in an insurance policy must be construed against the insurer (*Greaves* v. *Public Serv. Mut. Ins. Co.,* 5 N Y 2d 120, 125), especially where the ambiguity is in an exclusionary clause (*Sincoff* v. *Liberty Mut. Fire Ins. Co.,* 11 N Y 2d 386, 390–391). Moreover, when an exclusionary clause is involved the insurer has the burden of proving that the occurrence came within the exclusionary clause (*Sachs* v. *American Cent. Ins. Co.,* 34 Misc 2d 687, affd. 19 A D 2d 538) and that its own construction of the exclusionary clause was the only one that could fairly be placed on it (*Sincoff, supra,* p. 390). We do not believe that plaintiff has met its burden in this case. By the weight of authority, the words "public or livery conveyance", as used

in this policy, refer to "A vehicle used indiscriminately in conveying the [general] public, without limitation to certain persons or particular occasions or without being governed by special terms" (Black's Law Dictionary [4th ed.], p. 1084; see, also, 6 Berry, Automobiles [7th ed.], § 6.617; *Elliott* v. *Behner*, 150 Kan. 876, 883; *Allor* v. *Dubay*, 317 Mich. 281; *Pimper* v. *National Amer. Fire Ins. Co.*, 139 Neb. 109; *Stanley* v. *American Motorist Ins. Co.*, 195 Md. 180; *McDaniel* v. *Glens Falls Ind. Co.*, 333 Ill. App. 596; *Commercial Credit Corp.* v. *Monroe*, 38 Tenn. App. 596; *accord*, *Bertino* v. *Equitable Fire & Marine Ins. Co.*, 214 N. Y. S. 2d 155; *National Grange Mut. Ins. Co.* v. *Cervantes*, 46 Misc 2d 528; *Ganzhorn* v. *Manufacturers' Cas. Ins. Co.*, 179 Misc. 548, affd. 265 App. Div. 851). Pardo did not use his car indiscriminately in carrying the general public for hire; he limited its use to the transportation of the domestic workers who were the clients of his employment agency; and he transported that limited group only to and from the jobs he got for them. Such limited, special use did not make his car a "public or livery conveyance" (see authorities cited *supra*). And if we were to assume *arguendo* that Pardo's use of his vehicle was not clearly outside the ambit of the exclusionary clause, the clause would at least be ambiguous in that respect. And if it were ambiguous plaintiff still could not succeed on the record in this action, since (a) the ambiguity would be construed against it, as insurer, (b) it would not have met its burden of proving that the use was within the exclusionary clause, and (c) it would not have met its burden of proving that its construction of the exclusionary clause was the only one that could fairly be placed upon it (*Greaves, Sincoff* and *Sachs, supra*). Beldock, P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur. [56 Misc 2d 354.]