## (April 15, 1976)

■ MARK ANTONETTI, Individually and as Parent and Natural Guardian of STEVEN ANTONETTI, an Infant, Respondent, v CITY OF SYRACUSE, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Defendant appeals from a judgment upon a jury verdict awarding the sum of $18,000 to the infant plaintiff, Steven Antonetti, and the sum of $1,724.90 to plaintiff father, Mark Antonetti. This action arose out of an incident occurring in Pass Arboretum Park which was owned and operated by the defendant, City of Syracuse. On May 21, 1969 the infant plaintiff went to the park riding a small motorized two-wheel vehicle, commonly known as a minibike, which was owned by a friend, Tony Baker. The infant chose this park because it was used by many of the neighborhood children for such activity. As he was riding through the park, he proceeded through what appeared to be an unobstructed opening in a wooded area. Upon entering the opening the minibike struck a concealed tree stump causing the infant plaintiff to be thrown to the ground, as a result of which the handlebar of the vehicle struck him in the abdomen causing severe injuries which culminated in the removal of one of his kidneys. A notice of claim against the city was duly filed by plaintiffs, followed by the service of a summons and complaint. Defendant answered the summons and complaint and demanded a bill of particulars, which was answered by the plaintiffs (although defendant now claims this pleading to be deficient). At the conclusion of the evidence, plaintiffs moved to conform the pleadings to the proof and defendant made a cross motion for the dismissal of the complaint. Plaintiffs' motion was granted and defendant's motion denied, the case thereafter being submitted to the jury which subsequently rendered the above verdict. The defendant contends that it had no knowledge of the real nature of the accident until the time of trial, and that neither the initial police investigation nor any subsequent investigation by it had revealed the existence of a minibike. Defendant contends that neither the notice of claim filed by the plaintiff nor the complaint stated the plaintiffs' claim and cause of action. CPLR 3025 (subd [c]) states, "The court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just including the granting of costs and continuances." Also, CPLR 3026 provides, "Pleadings shall be liberally construed. Defects shall

be ignored if a substantial right of a party is not prejudiced." The complaint in this action satisfied the basic requirement of the Civil Practice Law and Rules by clearly stating the theory for recovery, i.e., negligence, in the failure of the defendant to remove the tree stump and in failing to maintain the area so that the hazard (tree stump) could be seen. The Court of Appeals in *Dittmar Explosives v Ottaviano, Inc.* (20 NY2d 498, 503) stated: "it has been held that when, as here, a motion to test the validity of a complaint is not made at an early stage in the litigation (when it could possibly be corrected) but instead is reserved until trial, *'the court usually will permit amendment and allow the case to be heard and determined on its merits.'*" (Emphasis added.) Also, in *Foley v D'Agostino* (21 AD2d 60, 63), the court held: "'Pleadings should not be dismissed * * * unless the allegations therein are not sufficiently particular to apprise the court and parties of the subject matter of the controversy.'" Since the statute calls for liberal construction of the pleadings, as well as ignoring defects in the absence of prejudice, the trial court did not err in granting plaintiffs' motion to conform the pleadings to the proof and denying defendant's cross motion to dismiss the complaint. The statute leaves motions of this character to the discretion of the court. The record here shows no prejudice to the defendant, and the trial court properly exercised its discretion in its disposition of the motions made at the close of the plaintiffs' evidence. Relative to defendant's contention of alleged deficiency of the notice of claim served by plaintiffs, the Court of Appeals stated in *Teresta v City of New York* (304 NY 440, 443): "The prime, if not the sole, objective of the notice requirements of such statute is to assure the city an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available [citations omitted]." The record is convincing that the city had adequate opportunity to investigate the circumstances of the accident and explore the merits of the claim. It cannot now avail itself of the contention that the bill of particulars was not stated with sufficient specificity, since it made no motion against said bill of particulars nor did it avail itself of any of the discovery proceedings accorded to it under the statute. Since there is nothing in the record to indicate that defendant raised the defense of assumption of risk either in its pleading or at the trial, nor that the defendant failed to object to the court's charge which made no reference to "assumption of risk", it cannot now raise this question for the first time on the appeal of the case (CPLR 5501, subd [a], par 3; *National Grange Mut. Ins. Co. v Cervantes,* 25 AD2d 471, 472). The trial court properly denied defendant's attempt to introduce in evidence the rules and regulations governing the operation of municipal parks. No error was committed when judicial notice was denied. It should be pointed out that defendant's attempt was addressed to "a simplified copy of these rules". This justified the court's refusal to admit a condensed document in the absence of a stipulation that the proffered document did not differ from the actual promulgated rules. (Appeal from judgment of Onondaga Trial Term in negligence action.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.