■ JAMES BRIGHT et al., Appellants, v DAVID PAGAN, Respondent. [653 NYS2d 645] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Kramer, J.), dated January 3, 1996, which, upon granting the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint, dismissed the complaint as barred by the Statute of Limitations.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs, the driver and occupant of a motor vehicle, allegedly were injured in an accident involving another vehicle which was owned by the defendant. Motor vehicle records indicated that the defendant's automobile insurer, Aetna Casualty and Surety Company (hereinafter Aetna), had cancelled the defendant's insurance policy prior to the accident, and Aetna confirmed this to the plaintiffs. The plaintiffs then sought arbitration against their own insurer, Travelers Insurance Company (hereinafter Travelers), for uninsured motorist benefits under their policy. Travelers petitioned to stay the arbitration, and challenged the propriety of Aetna's cancellation of the defendant's policy. After a hearing, Aetna's cancellation of the policy was found to be invalid. As a result, Travelers was granted a permanent stay of arbitration on the uninsured motorist claim. The plaintiffs then commenced the present action against the defendant. The defendant moved to dismiss the complaint on the ground that it was not commenced within the applicable Statute of Limitations. The court granted the defendant's motion and dismissed the complaint. The plaintiffs appeal from that order and judgment.

The plaintiffs contend, among other things, that the time during which the uninsured motorist issue was being arbitrated should not be counted toward the Statute of Limitations pursuant to CPLR 204 (b). Although the purpose of the toll under

this section is to preserve a remedy to a litigant who has mistaken his forum (*see*, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C204:2, at 302), the plaintiffs here were neither mistaken in their forum nor was it necessary to preserve their claim against the defendant because they could have commenced their negligence action against the defendant at any time. The function of CPLR 204 (b) is similar to that of CPLR 205, which extends the time for commencing *a second action* after *a timely action* has been terminated in a manner other than by voluntary discontinuance, a dismissal for neglect to prosecute, or a final judgment on the merits (*see generally, Gaines v City of New York*, 215 NY 533, 537; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 204.06, at 2-191). Here, there was no "second action" because the demand to arbitrate did not concern the claim asserted in the common-law negligence action. The demand to arbitrate concerned the plaintiffs' contractual rights to uninsured motorist benefits under their policy with Travelers. Thus, the common-law negligence cause of action is not "an action upon such claim" as was arbitrated, within the meaning of CPLR 204 (b). Therefore, this statute does not serve to toll the Statute of Limitations under the circumstances of this case.

The plaintiffs' remaining contentions are without merit. Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.