■ In the Matter of FEDERAL INSURANCE COMPANY, Appellant, v FRANK PROVENZANO, Respondent. NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Proposed Additional Respondent. [751 NYS2d 567] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated November 1, 2001, which, inter alia, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On November 13, 2000, Federal Insurance Company (hereinafter Federal), received a demand for arbitration from Frank Provenzano for uninsured motorist benefits arising out of an accident that occurred on August 18, 1999. Federal filed this petition to permanently stay arbitration and joined New York Central Mutual Fire Insurance Company (hereinafter New York Central) as an additional respondent. The petition alleged that the offending vehicle involved in the accident was insured by New York Central.

In opposition to the petition, New York Central alleged that its policy, issued to Svetlana Ginsburg, the owner of the vehicle involved in the accident with Provenzano, was canceled after the accident because the vehicle was being used to transport children from a day camp. New York Central alleged that such

use fell within the "livery vehicle" exclusion of its policy. However, Federal alleged that New York Central's disclaimer was untimely since it was not issued until March 28, 2000.

Following a hearing, the Supreme Court held that the Ginsburg vehicle was a minibus and therefore a "livery vehicle" subject to an exclusion of New York Central's policy. It also found the disclaimer to be timely.

The Supreme Court incorrectly determined that the Ginsburg vehicle was a livery vehicle and therefore subject to the livery vehicle exclusion of the subject policy. There was no evidence that the vehicle in question was being used indiscriminately in carrying the general public for hire. Limited special use of the vehicle for transporting campers on occasional trips did not make the vehicle a livery conveyance (*see United Servs. Auto. Assn. v Reid,* 255 AD2d 990; *American Fid. Fire Ins. Co. v Pardo,* 32 AD2d 536).

In any event, the Supreme Court incorrectly found the disclaimer to be timely. The accident occurred on August 18, 1999. The investigator's report, which was received on November 15, 1999, by New York Central, contained pictures of the vehicle, pictures of the accident site, and statements from both the owner of the vehicle and the driver. The carrier did not disclaim coverage until March 28, 2000, because it wanted to obtain statements from two counselors who were passengers on the minibus on the day of the accident.

Insurance Law § 3420 (d) requires an insurance carrier to give timely written notice of disclaimer. "The reasonableness of any delay in disclaiming must be judged from that point in time that the insurer is aware of sufficient facts to issue a disclaimer" (*Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547, 548; *see Prudential Prop. & Cas. Ins. v Persaud,* 256 AD2d 502). New York Central had sufficient facts upon which to disclaim upon receipt of the initial report on November 15, 1999. Under the circumstances, it was unreasonable for New York Central to have waited until March 28, 2000, to issue a disclaimer (*see Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547). Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.