■ FRANK R. PROVENZANO, Appellant, v YEVGENY IOFFE, Defendant, and SVETLANA GINZBERG et al., Respondents. [784 NYS2d 138]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Dabiri, J.), dated August 11, 2003, which granted the motion of the defendants Svetlana Ginzberg and Yefim Latsberg for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was time-barred, and (2), as limited by his brief, from so much of an order of the same court, dated December 22, 2003, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated August 11, 2003, is dismissed, as that order was superseded by the order dated December 22, 2003, made upon reargument; and it is further,

Ordered that the order dated December 22, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On August 18, 1999, the plaintiff allegedly sustained personal injuries when the motor vehicle he was driving was struck by another motor vehicle operated by the defendant Yefim D. Latsberg, and registered to the defendant Svetlana Ginzberg. The plaintiff attempted to pursue a claim with the respondents' insurance carrier, New York Central Mutual (hereinafter NYCM), but NYCM disclaimed coverage based upon the livery vehicle exclusion contained in the applicable policy. On November 8, 2000, the plaintiff served a demand for arbitration of an uninsured motorist claim upon his own insurer, Federal Insurance Company (hereinafter Federal). Federal commenced a proceeding to permanently stay the arbitration on the ground that Ginzberg's vehicle was, in fact, insured by NYCM. After a hearing, by order dated November 1, 2001, the Supreme Court determined, inter alia, that NYCM's disclaimer was valid, and directed the plaintiff and Federal to proceed to arbitration. Federal moved for reargument, and its motion was denied.

Federal took an appeal to this Court. In a decision and order dated December 16, 2002, this Court reversed the order dated November 1, 2001, granted Federal's petition, and permanently stayed the arbitration (see Matter of Federal Ins. Co. v Provenzano, 300 AD2d 485 [2002]). The plaintiff then commenced this action on April 3, 2003. The respondents moved for summary judgment dismissing the complaint insofar as asserted against them, on the ground that the action was time-barred. The plaintiff opposed the motion, contending that he was entitled to the arbitration toll contained in CPLR 204 (b), and that his action was timely. The Supreme Court granted the respondents' motion, and subsequently adhered to its original determination upon granting the plaintiff's motion for leave to reargue.

On reargument, the Supreme Court correctly adhered to its original determination granting the respondents' motion for summary judgment dismissing the complaint on the ground that the action was time-barred. The respondents made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the accident occurred on August 18, 1999, and that this action was not commenced until well after the running of the applicable statute of limitations on August 18, 2002 (see CPLR 214 [5]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff contends that under CPLR 204 (b), the statute of limitations was tolled from November 8, 2000 (the date he served his demand for arbitration of his claim for uninsured motorist benefits against his insurer, Federal) until to December 16, 2002 (the date this Court determined that Federal's petition to permanently stay arbitration should have been granted). However, the same contention advanced by the plaintiff in this case was rejected on similar facts in this Court's decision in *Bright v Pagan* (236 AD2d 350 [1997]). There, we noted that the purpose of CPLR 204 (b) is to preserve a remedy to a litigant who has mistaken his forum. We further held that the function of CPLR 204 (b) is similar to that of CPLR 205. The two provisions serve to extend the time for "commencing *a second action* after *a timely action* has been terminated in a manner other than by voluntary discontinuance, a dismissal for neglect to prosecute, or a final judgment on the merits" (*Bright v Pagan, supra* at 351). Here, as in *Bright*, there was no second action "because the demand to arbitrate did not concern the claim asserted in the common-law negligence action. The demand to arbitrate concerned the plaintiff's contractual rights to uninsured motorist benefits" under his policy with Federal (*id.*). Thus, the common-law negligence cause of action was not "an action upon such claim" as was arbitrated, within the meaning of CPLR 204 (b), and the plaintiff was not entitled to the statutory toll under the circumstances of this case (*id.*).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.