St. Rose v Thompson (2022 NY Slip Op 00209)





St. Rose v Thompson


2022 NY Slip Op 00209


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-00672
 (Index No. 508692/18)

[*1]Laurentia St. Rose, respondent,
v
Tiesha Thompson, appellant, et al., defendant.


McDonnell Adels & Klestzick, PLLC (Rivkin Radler LLP, Uniondale, NY [Cheryl F. Korman and Staurt M. Bodoff], of counsel), for appellant.
Spar & Bernstein, P.C. (The Leyvi Law Group, P.C., Brooklyn, NY [Maksim Leyvi], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Tiesha Thompson appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 6, 2018. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Tiesha Thompson pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred is granted.
On March 31, 2015, as the plaintiff was crossing a street in Brooklyn, she allegedly was struck by a vehicle registered to the defendant Tiesha Thompson. More than three years later, on April 27, 2018, the plaintiff commenced this action against Thompson and the unknown driver of the vehicle. Thompson moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. The Supreme Court denied the motion, and Thompson appeals.
On a motion pursuant to CPLR 3211(a)(5) to dismiss a cause of action on the ground that it is barred by the statute of limitations, the moving defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see Avery v WJM Dev. Corp., 197 AD3d 1141). If that initial burden is satisfied, the plaintiff must then raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
Here, Thompson met her initial burden by showing that the action was commenced more than three years after the date of the plaintiff's injury (see CPLR 214[5]; Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 792). In opposition to the motion, the plaintiff failed to raise a question of fact (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553; MP v Davidsohn, 169 AD3d 788, 791; see also Provenzano v Ioffe, 12 AD3d 353, 355; Bright v Pagan, 236 AD2d 350, 350-351). Accordingly, the Supreme Court should have granted [*2]Thompson's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court