Buss v Stryker Corp. (2024 NY Slip Op 02165)

Buss v Stryker Corp.

2024 NY Slip Op 02165

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-05106
 (Index No. 609374/20)

[*1]Richard Buss, appellant, 
v
Stryker Corporation, etc., et al., respondents.

Law Offices of Nancy K. Galassi, P.C. (Thomas Torto, New York, NY, of counsel), for appellant.
Gibbons P.C., New York, NY (Paul E. Asfendis of counsel), for respondent Stryker Corporation doing business as Stryker.
Robert L. Hartford, Garden City, NY (James R. Pieret of counsel), for respondent Medpro US, Inc., doing business as Medpro.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered July 2, 2021. The order granted the defendants' separate motions pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred.
ORDERED that the order is affirmed, with one bill of costs.
On June 18, 2012, the plaintiff allegedly was injured while he was using a stretcher that was manufactured, sold, and serviced by the defendants. On September 25, 2014, the plaintiff commenced an action against the defendants. The parties entered into both a stipulation to voluntarily discontinue that action and a tolling agreement in which the parties agreed that all applicable statutes of limitations would be tolled from "January 30, 2016 (or later) [to] January 30, 2018."
On September 4, 2020, the plaintiff commenced the instant action against the defendants seeking the same relief. The defendants separately moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred. The Supreme Court granted the defendants' separate motions, and the plaintiff appeals.
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired'" (HSBC Bank USA, N.A. v Francis, 214 AD3d 58, 61, quoting Cadlerock Joint Venture, L.P. v Trombley, 189 AD3d 1157, 1158). "If the defendant satisfies the burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952). An action to recover damages for personal injuries is subject to a three-year statute [*2]of limitations (see CPLR 214[5]; Williams v Ideal Food Basket, LLC, 219 AD3d 917, 918) and accrues at the time of injury (see Snyder v Town Insulation, 81 NY2d 429, 432; Barrell v Glen Oaks Vil. Owners, Inc., 29 AD3d 612, 613).
Here, the defendants met their initial burden by showing that even after applying the tolling period as set forth in the parties' tolling agreement, the instant action was commenced more than three years after the date of the plaintiff's injury (see Ruiz v Sanchez, 219 AD3d 1363, 1364; St. Rose v Thompson, 201 AD3d 765, 766). In opposition, the plaintiff failed to raise a question of fact. Contrary to the plaintiff's contention, the tolling agreement did not "recreate" the date of accrual (see generally CPLR 201; Micro-Spy, Inc. v Small, 9 AD3d 122, 126). Accordingly, the Supreme Court properly granted the defendants' separate motions pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred.
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court